Filed 4/25/25  P. v. Donel CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CRESPIN DONEL,<br><br>    Defendant and Appellant. | B333202<br><br>(Los Angeles County<br>Super. Ct. No. NA071328) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Crespin Donel (defendant) appeals from the judgment resentencing him pursuant to Penal Code section 1172.75.[1]  He contends the trial court abused its discretion in declining to dismiss sentence enhancements imposed at his 2008 sentence.  We conclude defendant has failed to demonstrate an abuse of discretion and affirm the judgment.

## BACKGROUND

In 2008, a jury convicted defendant of false imprisonment by violence (§ 236; count 1), corporal injury to a spouse, cohabitant, or child's parent (§ 273.5, subd. (a); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), and discharge of a firearm with gross negligence (§ 246.3; count 5).[2]  The jury found true the allegation in count 3 that defendant personally discharged a firearm.  Defendant admitted suffering two prior felony convictions alleged as to counts 1, 2, 3, and 5 pursuant to sections 1170.12 and 667, subdivision (b), the "Three Strikes" law.  Defendant also admitted two prior convictions alleged as to all counts pursuant to sections 667, subdivision (a)(1) (prior serious felony enhancements) and 667.5, subdivision (b) (prior prison term enhancements).  On March 13, 2008, the court sentenced defendant to an aggregate term of 158 years to life in prison, comprised of consecutive third strike terms of 25 years to life as to each count, plus 10 years for two prior serious felony enhancements for each count, two years for two prior prison term

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.

[2]     Count 4 was dismissed prior to sentencing.

2

enhancements for each count, and a 10-year firearm enhancement as to count 3.

On direct appeal, this court struck one of the two prior prison term enhancements as to each count, and otherwise affirmed the judgment, leaving four prior prison term enhancements, one on each count; eight prior serious felony enhancements, two on each count; and a 10-year firearm enhancement, thus reducing defendant's sentence by four years to 100 years to life plus 54 years. (*People v. Donel* (Oct. 1, 2009, B206806) [nonpub.opn.].)

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate potentially entitled to resentencing under section 1172.75. The trial court appointed counsel, who filed a resentencing memorandum. On August 22, 2023, at the resentencing hearing, the parties submitted the matter on the sentencing memorandum in which defendant asked the court to strike the four prior prison term enhancements and one of defendant's prior strike convictions, and to resentence him to 34 years. In addition, defendant and his niece, Melissa Aguilar, each wrote a letter to the court. In his letter, defendant wrote he regretted not taking a plea offer in 2008, took full responsibility for his "mistakes," claimed he had changed, and would like the chance to prove it.

Aguilar wrote about her close relationship with defendant that she maintained, although she had not seen him in years. She reported defendant was raised by a single mother and his older sister, that he came from a poor family, that defendant's behavior in prison was due to prison culture, and that defendant had the support of his family despite his "shortcomings" and poor "decisions in the face of survival."

3

At the section 1172.75 hearing, the trial court considered the memorandum, both letters, and defendant's prison file. The court noted an early plea and early acceptance of responsibility might have helped defendant then, but not 15 years later. The court also observed that though defendant claimed in his letter that he has done better for himself in prison, his prison file indicated otherwise. Between 2016 and 2021 defendant had been involved in at least seven violent incidents, engaging in fights, starting fights, and beating inmates; defendant had possessed a weapon, a blade or "shank"; was disciplined several times for noncompliance of rules, including refusing to take or failing a drug test by testing positive for methamphetamine. Based on the prison record, the court found defendant's "violent behavior continues beyond the case to the time in prison during the last, at least the last ten years."

As to Aguilar's letter, the court noted that instead of placing the blame for the offenses on defendant, Aguilar placed it on "society, on being poor," and on having a single mother. The court said, "There are a lot of poor people that don't commit the crimes that he did." The court also took exception to Aguilar's reference to defendant's "shortcoming." The court said, "I find that rather disturbing that the family sees this, you know, horrific, heinous crime as a shortcoming of his conduct. It is not a shortcoming, it is criminal conduct."

After describing defendant's violent incidents and rule violations in prison, the court concluded it could not find that defendant had changed his behavior in prison during the last 10 years. The court also noted that defendant had served prison terms prior to this case. For these reasons the court denied defendant's motion to strike the prior serious or violent felony

4

convictions for which defendant was sentenced under the Three Strikes law, but treated count 2 as a second strike. The trial court also found defendant had not demonstrated any reason to strike the prior serious felony enhancements imposed under section 667, subdivision (a)(1) but struck all of the prior prison term enhancements as required by law.[3] The court exercised its discretion to impose consecutive sentences because the offenses were committed at different times.

On August 22, 2023, the trial court resentenced defendant to a total term of 75 years to life plus 46 years. As to each of counts 1, 3, and 5, the trial court imposed 25 years to life plus 10 years for the two prior serious felony enhancements, and on count 3, an additional 10 years for the firearm enhancement. On count 2, the court imposed the middle term of three years doubled to six years, plus 10 years for the two prior serious felony enhancements.

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

Defendant contends the trial court abused its discretion when it declined to dismiss defendant's prior serious felony

---

[3] Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by limiting the prior prison term enhancement to prior terms for sexually violent offenses. (§ 667.5, subd. (b).) Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes implemented by Senate Bill No. 136 retroactive to final cases by adding section 1171.1 (subsequently renumbered section 1172.75) to the Penal Code.

5

enhancements because the court failed to weigh the mitigating circumstances listed in section 1385, subdivision (c)(2).

Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2) lists factors in mitigation and states: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

However, "'if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1036 (*Walker*).)

A court's discretion will be upheld if it is neither arbitrary nor capricious and exercised according to fixed legal principles. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) A court's sentencing choices under section 1385 are reviewed for an abuse of discretion, which will be upheld if supported by substantial evidence. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) "'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

The particular factors listed in section 1385 that defendant claimed the trial court should have considered are "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] . . . [¶] (H) The enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B), (C) & (H).)

Section 1385, subdivision (c)(2)(C) does not apply to those serving a term under the Three Strikes law. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243–244.) Furthermore, the statutory phrase "shall be dismissed" in section 1385, subdivision (c)(2)(B) and (C) is directive, not mandatory. (See *People v. Mazur* (2023) 97 Cal.App.5th 438, 445.) "[R]ead in the context of the statute as a whole[, the phrase] only requires the court to dismiss the enhancement if it first finds that dismissal is 'in the furtherance of justice.'" (*Ibid.*; see § 1385, subd. (c)(1).)

Defendant argues the court abused its discretion for several reasons: the court failed to make an express finding that striking the enhancements would endanger public safety; the court failed to give great weight to the mitigating circumstances as required by section 1385, subdivision (c)(2), which he claims created a presumption in favor of dismissing the enhancements; and the trial court applied the wrong legal standard or based its decision on implied factual findings that were not supported by substantial evidence.

Quoting *Walker, supra*, 16 Cal.5th at page 1034, defendant acknowledges the weight to be given the evidence of mitigating factors refers to "'the trial court's evaluation of the *defendant's* evidence in the first instance.'" (Italics added.) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless* the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subdivision (c)(2), italics added.) Thus, "consideration of the mitigating factors in section 1385(c)(2) is not required if the court finds that dismissal of the enhancement would endanger public safety." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297.) Moreover, it would then be "'hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Walker*, *supra*, at p. 1033, quoting *Mendoza, supra*, at p. 297, fn. 6.) If the court does not find that dismissal would endanger public safety, it nevertheless "retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, *supra*, at p. 1029.) And "'*if* it is

8

in the *furtherance of justice to do so.*'" (*Id*. at p. 1033, quoting § 1385, subd. (c)(1).)

We reject defendant's claim that section 1385, subdivision (c)(2) creates a presumption in favor of dismissing enhancements. "[T]he plain language of section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Walker*, *supra*, 16 Cal.5th at p. 1033.) Section 1385, subdivision (c)(1) states that "'the court shall dismiss an enhancement *if* it is in the *furtherance of justice to do so.*' . . . [This] inquiry 'requires a trial court's ongoing exercise of 'discretion' [citation]. Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.'" (*Walker*, at p. 1033, citations omitted and quoting *People v. Ortiz* (2023) 87 Cal.App.5th 1087*,* 1099.)

We also reject defendant's claim that because the trial court did not express its findings on the record, it failed to properly weigh evidence of the risk of danger to the public or give appropriate weight to the mitigating circumstances defendant deems relevant in section 1385, subdivision (c)(2). First, we agree with the People defendant failed to preserve this issue for review by failing to raise it below. (See *People v. Scott* (2015) 61 Cal.4th 363, 406; *People v. Scott* (1994) 9 Cal.4th 331, 353 ["Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."].) In addition, we reject the claim "section 1385 expressly requires a statement of reasons for a *dismissal*." (*Walker, supra*, 16 Cal.5th at p. 1036, fn. 6, italics added; see § 1385, subd. (a).) A statement of reasons

9

for *declining* to dismiss a prior conviction is not required.  (See *In re Coley* (2012) 55 Cal.4th 524, 560.)

Nor was the trial court required to make an express finding that striking the enhancements would endanger public safety.  "'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' [citation]." (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

 "Moreover, 'it is settled that: "A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . ."'" (*People v. Ruiz* (2023) 97 Cal.App.5th 1068, 1081, review granted Mar. 12, 2023, S283504 (*Ruiz*), disapproved on another point in *People v. Lynch* (2024) 16 Cal.5th 730, 768–769, and quoting *Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.)  Rejecting an argument similar to defendant's, the *Ruiz* court held it cannot be assumed that "'[b]ecause the record makes no mention of the specific [mitigating] factors enumerated in section 1385'" the court did not consider them.  (*Ruiz, supra*, at p. 1081.)

Here, as in *Ruiz*, the evidence supported a reasonable *inference* "that the court found 'that dismissal of the enhancement would endanger public safety.'  (§ 1385, subd. (c)(2).)"  (*Ruiz, supra*, 97 Cal.App.5th at p. 1081, review granted.) In *Ruiz* the trial court inferred this finding from evidence the defendant had "'engaged in unprovoked violent conduct under

10

circumstances that indicate that he is a serious danger to society.'" (*Ibid.*) Similarly here, the trial court described defendant's "violent behavior [which] continue[d] beyond the case to the time in prison during the last, at least the last ten years," including numerous violent acts and prison rule violations. And the court disbelieved the suggestions in both letters submitted to it that defendant was ready to take responsibility for his crimes or had changed his tendency toward violent behavior, and defendant did not submit other evidence to show otherwise.

Defendant points out section 1385, subdivision (c)(2) does not ask whether a *defendant* would present a danger to public safety, but whether dismissal of the *enhancement* would endanger public safety. Defendant concludes the plain language indicates he is entitled to this determination as to each five-year prior *enhancement*, "especially given his already imposed life-sentence." Defendant appears to argue the evidence that *defendant* would present a danger to public safety was insufficient because the requirement of section 1385, subdivision (c)(2) is to show dismissal of *the enhancements* would present a danger to public safety. Defendant concludes that as the trial court's finding was not express, the court must have found only the *defendant* could present a danger. Defendant's point is unclear, lacks logic, and he cites authority only for the general proposition that a court's discretion is abused if "it applies the wrong legal standard or bases its decision on express or implied factual findings that are not supported by substantial evidence."

Defendant cites no authority for his suggestion that evidence of defendant's past and current violent conduct and criminal record cannot provide evidence from which a court may infer dismissing enhancements could present a danger to public

11

safety. For example, it is appropriate to consider circumstances of the defendant's crimes and whether they involved "'incredibly harmful and dangerous conduct.'" (*People v. Mendoza, supra*, 88 Cal.App.5th at p. 299 [discharged firearm during home invasion robbery with victims present].) We find nothing arbitrary or capricious in the consideration of defendant's record of violent convictions and violent behavior in prison for the current offenses to find dismissal of the enhancements would endanger the public. Nor do we find the court failed to exercise its discretion according to fixed legal principles. (See *People v. Superior Court (Alvarez), supra*, 14 Cal.4th at p. 977.)

Defendant provides no authority requiring any other category of evidence. However, he points out he was 55 years old at the time of his resentencing and claims he will not live to see a release date under current laws. Citing section 1385, subdivision (c)(2), he concludes striking the additional 40 years' worth of enhancements, or even a portion of 40 years, would not endanger public safety. Defendant's point is unclear. The People understand defendant as arguing that dismissal of the enhancements could not endanger public safety because even if the court had dismissed them, defendant's sentence would still be so long that he could not possibly serve it in his lifetime; and they point out that a defendant in this circumstance would be entitled to dismissal of *all* enhancements whenever the resulting sentence exceeds the defendant's life expectancy. Again, defendant cites no authority for either proposition. We have found no authority for the requirement of dismissing an enhancement whenever the resulting sentence exceeds a defendant's life expectancy regardless of whether it would or would not be in furtherance of justice.

12

Nor has defendant shown that no substantial evidence supported the trial court's declining to dismiss the enhancements. In his reply brief defendant acknowledges *Walker*'s holding in essence that if the court does not find a danger to public safety, the court may still determine dismissal is not in furtherance of justice if it "finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance . . . .'" (*Walker, supra,* 16 Cal.5th at p. 1036.) As the People observe, substantial, credible evidence of countervailing factors is found defendant's prison file, which reflects that between 2016 and 2021 he was involved in numerous violent incidents: several batteries, possession of weapons, and drug use, including methamphetamine. The People point to defendant's criminal history reflected in his probation report that was before the trial court, noting it also provided substantial evidence that defendant had several sustained petitions as a juvenile; was convicted of several offenses as an adult, including the 1989 robbery conviction and 2001 assault convictions that were the basis of the prior serious felony enhancements; that defendant served numerous jail terms and four prison terms; and that he committed the current offenses when he was on parole.

The evidence overwhelmingly demonstrates that defendant continues to be a violent person, has made little or no progress toward rehabilitation in more than 16 years in custody, and is unlikely to do so in the future, such that the trial court could reasonably conclude that it would not be in furtherance of justice to dismiss his enhancements.

13

Defendant takes issue with the People's claim that if the trial court erred, it was harmless, thus implying that it was prejudicial. "'[B]ecause the error is purely one of state law, the *Watson* harmless error test applies.'" (*People v. Lynch, supra*, 16 Cal.5th at p. 811.) Thus, it is defendant's burden to demonstrate a reasonable probability that he would have obtained a more favorable result under the test for prejudice of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Hernandez* (2011) 51 Cal.4th 733, 746.) Defendant makes no effort to show or even present an argument regarding prejudice, he has not met his burden. In any event, given the overwhelming evidence supporting the trial court's exercise of discretion, we find no reasonable probability that defendant would have obtained a more favorable result if the trial court had expressly considered the section 1385 factors in mitigation, detailed its reasoning, and enunciated its ruling orally on the record.

Defendant also claims he was denied due process, but as he made no constitutional argument below, and makes none here, we have found no error, and we do not reach that claim. (See *People v. Thornton* (2007) 41 Cal.4th 391, 443–444; *People v. Partida* (2005) 37 Cal.4th 428, 435–439.)

## DISPOSITION

The judgment is affirmed.


                                        CHAVEZ, J.

We concur:


LUI, P. J.                              ASHMANN-GERST, J.

14